## Brenzel v. Philadelphia Transportation Company

*Robert M. Bernstein*, for plaintiff.
*Marshall A. Coyne*, for defendant.

SMITH, P. J., October 26, 1944.—Plaintiff instituted a suit against defendant on May 13, 1944, and at that time waived a jury trial. On October 12, 1944, plaintiff filed a petition with the court asking for a jury trial. The reason advanced is as follows:

"That your petitioner feels that the nature of his case is such that it should properly be submitted to a jury."

The time for demanding a jury trial without leave of court has expired.

Defendant, by its counsel, has filed an answer to the said petition in which he avers:

"That the nature of this case is such that a judge would be more competent to pass upon the evidence than would a jury, and further avers that no reason is now set forth which should move the court to make absolute the rule for a jury trial at this time."

While a matter of this kind is within the discretion of the court, and is not of right, where the answer denies the averments of the petition there must be more than a mere desire expressed in the petition to cause the court to act favorably thereon. Plaintiff having waived a jury trial, there must be a reasonable cause shown before a court will act. Merely changing one's mind after the time for demanding a jury trial has expired is not enough.

### Order

And now, to wit, October 26, 1944, the petition of plaintiff is refused.